IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD & KAREN CALDWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:06-cv-1364-EGS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO DISMISS COMPLAINT**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint. As grounds for this motion, the United States submits that plaintiffs have failed to: 1) properly serve the United States; 2) exhaust their administrative remedies for a tax refund under 26 U. S. C. § 7422; 3) exhaust their administrative remedies for damages under 26 U. S. C. § 7433; and 4) state a claim that they are entitled to damages under 26 U. S. C. § 7433.

/
/
/
/
/
/
/

2367458.2

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: April 19, 2007.  Respectfully submitted,

    /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD & KAREN CALDWELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1364-EGS |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiffs seek a tax refund and damages for alleged unauthorized collection activities.

QUESTIONS PRESENTED

1. Plaintiff, Robert Caldwell, himself, attempted to serve the United States. Service on the United States must be by a non-party. Does this Court lack jurisdiction over the United States under these circumstances?

2. Plaintiffs seek a tax refund. Plaintiffs have not alleged that they filed an administrative claim for refund. Should the Court dismiss the claim for lack of jurisdiction?

3. Plaintiffs seek damages under 26 U.S.C. § 7433. Plaintiffs have not alleged that they filed an administrative claim for damages, and the complaint consists of

generalized allegations without factual support. Should the Court dismiss the claim for lack of jurisdiction and/or failure to state a claim upon which relief can be granted?

STATEMENT

1. Introduction & background. Plaintiffs, Ronald & Karen Caldwell, filed this complaint on August 1, 2006. (PACER #1.) On February 2, 2007, plaintiff Ronald Caldwell, filed a notice that he, himself, had attempted to serve the Attorney General and the United States Attorney for the District of Columbia by certified mail. (PACER # 2 & 3.)

2. Relief sought in the complaint. The complaint seeks: 1) damages under 26 U.S.C. § 7433 in the amount of $10,000 "per disregard;" 2) "replevin of any and all property taken from [p]laintiffs." (Compl., Remedy Sought, at 28.)

3. Allegations in the complaint. Plaintiffs have organized their complaint into 32 purported "counts" of alleged wrongdoing by the Internal Revenue Service, each of which plaintiffs state demonstrate that the Internal Revenue Service "has articulated a very clear position on an issue which it has demonstrated it would be unwilling to reconsider." (*See* counts 1-32.) In each count, plaintiffs make no factual allegations, but merely restate the statutory language and assert that the Internal Revenue Service failed to implement the statutes.1/

---

1/   Plaintiffs assert that the Internal Revenue Service failed to timely answer their correspondence (count 1); refused to disclose their income tax information to them (count 2); disclosed confidential tax return information to unauthorized persons (count 3); failed to properly assess their taxes (counts 4, 5, 6, & 7); failed to produce records (count 8); attempted to collect sums in excess of assessments (count 9); failed to return

ARGUMENT

I.

THIS COURT LACKS JURISDICTION OVER THE UNITED STATES BECAUSE PLAINTIFFS FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *See, e.g., Otto v. United* States, 2006 WL 2270399, *2 (D.D.C. 2006) (Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (citing *Bernard v. IRS*, 1991 WL 327960, *3 (N.D. Fl. 1991); *Herman v. Comm'r of*

---

unlawfully collected taxes (count 10); failed to send them a notice of deficiency (count 11); failed to notify them when they could appeal to the Tax Court (count 12); failed to notify them of the filing of the notices of federal tax lien (count 13); filed an invalid and unlawful notice of federal tax lien (count 14); failed to release liens (count 15); failed to suspend interest and penalties (count 16); failed to comply with requirements regarding penalties (counts 17, 18, & 19); conducted an improper financial audit (counts 20 & 21); failed to demand payment (count 22); failed to send a notice of intent to levy (count 23); issued an invalid notice of levy on their wages, bank account, etc. (count 24); unlawfully seized their personal belongs including bank deposits, retirement income, investments, etc. (count 25); refused to "relax" levies (count 26); failed to notify them of their right to a hearing before levy (count 27); failed to provide them with mediation (count 28); abrogated their right to an installment agreement (count 29); unlawfully seized their property without adequate investigation (count 30); unlawfully levied against their personal residence (count 31); and failed to provide them with notice of contact with third parties (count 32).

*Internal Revenue Service*, 1990 WL 10023593, *1 (C.D. Cal. 1990); *Perkel v. United States*, 2001 WL 8964, *1 (N.D. Cal. 2001)).

Under Rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American*

*Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Ronald L. Caldwell filed returns of service indicating that he, himself, attempted to serve the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. Ronald L. Caldwell is, of course, a party to this action, and thus cannot properly serve the summonses. Accordingly, since plaintiffs failed to properly serve the United States, their complaint must be dismissed.

II.

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in

2367458.2                                    5

any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction. *Dalm*, 494 U.S. at 601-602. Likewise, plaintiffs have not alleged that they fully paid their tax liabilities, a failure that is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claim for a refund.

### III.

PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR DAMAGES UNDER SECTION 7433

This Court does not have jurisdiction over plaintiffs' claim for damages under 26 U.S.C. § 7433 because plaintiffs have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the

Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiffs have exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2).

2367458.2                              7

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. On the contrary, plaintiffs assert "an exception to the exhaustion" requirement, claiming that the Internal Revenue Service "has articulated a very clear position . . . which . . . it would be unwilling to reconsider." (Compl. p.4, § 6, and counts 1-32.) Therefore, plaintiffs have not met their burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.2/

IV.

PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR DAMAGES

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek $10,000 for each "disregard." (Compl., Remedy Sought, at 28.) Plaintiffs have failed to state a claim as to nearly all their "counts" because they do not involve collection

---

2/    The United States is aware that there is a split of opinion in this Court about whether the failure to exhaust administrative remedies requires dismissal for lack of jurisdiction, *see e.g., McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1991); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992), or for failure to state a claim, *see e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006). The United States continues to assert that the exhaustion of administrative remedies is a prerequisite to the United States' waiver of sovereign immunity. But, if this Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiffs' action for damages for failure to state a claim for which relief can be given, as set forth in *Turner*.

activities, and thus are not cognizable under section 7433. Of the counts that could be construed as collection activity, plaintiffs have failed to state a claim.

Plaintiffs' complaint for damages under 26 U.S.C. § 7433 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).

Here, most of plaintiffs' allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. Accordingly, all allegations in plaintiffs' complaint which involve non-collection activities must be dismissed. Of the counts that may involve collection activities, plaintiffs' allegations have no factual support whatsoever, and thus fail to state a claim.

Based on the discussion above, plaintiffs' allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. Accordingly, the Court should dismiss plaintiffs' complaint for failure to state a claim for which relief can be granted.

CONCLUSION

Plaintiffs have failed to properly serve the United States, to exhaust administrative remedies for a tax refund or damages under section 7433 and to state a claim upon which relief can be granted with respect to their damages claim. For the reasons stated above, this Court should dismiss plaintiffs' complaint.

DATE: April 19, 2007.                    Respectfully submitted,


                                        /s/ Pat S. Genis
                                      PAT S. GENIS, #446244
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Tel./FAX:  (202) 307-6390/614-6866
                                      Email: pat.genis@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney


2367458.2                    10